UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **MATTHEW SHUBIN**, as personal representative of the estates of Akaysha Shubin and J.S., a minor, and as legal guardian of C.S., a minor; **LYNNE CAMPBELL**, as conservator for C.S., a minor, and heir to estate of Akaysha Shubin,<br><br>    Plaintiffs,<br><br>    v.<br><br>**BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY; IDAHO TRANSPORTATION DEPARTMENT; BONNER COUNTY; BONNER COUNTY ROAD & BRIDGE; CITY OF SANDPOINT; CITY OF PONDERAY;** and **DOES I–X,**<br><br>    Defendants. | Case No. 1:25-cv-00455-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is plaintiffs' Motion to Remand (Dkt. 6). The motion has been fully briefed, and the Court has determined oral argument would not significantly assist the decisional process. As discussed below, the Court will grant the motion to remand and grant plaintiffs' request for attorney's fees incurred in

MEMORANDUM DECISION AND ORDER - 1

connection to this motion.

## BACKGROUND

On July 15, 2023, Mickey and Akaysha Shubin and their two minor children, J.S. and C.S., were driving east near railway crossing No. 058721N in Bonner County, Idaho. The crossing was owned, operated, and maintained by defendant Burlington Northern Santa Fe Railway Company ("BNSF"), whose ownership also included the adjacent right-of-way extending fifty feet on either side of the tracks. As the Shubin family entered the crossing, their vehicle was struck by a BNSF freight train. The accident killed all occupants except C.S., who suffered major injuries.

According to the Complaint, at the time of the accident, the railway crossing lacked active warning systems and was marked only by a "YIELD" sign and a crossbuck. A "STOP" sign had previously been in place but was replaced with the "YIELD" sign in 2019. A post-collision sightline analysis also found that encroaching vegetation had impeded sightlines of the railway crossing and did not meet the applicable federal standards for visibility.

In July 2025, a representative of the Shubin estate and the conservator for C.S., filed the present lawsuit in Ada County District Court against BNSF and a number of local government defendants, asserting claims of negligence, negligence

**MEMORANDUM DECISION AND ORDER - 2**

per se, wrongful death under Idaho Code § 5-311, survival under Idaho Code § 15-3-703, premises liability, and gross negligence. BNSF subsequently removed the case to this Court, citing federal question jurisdiction under 28 U.S.C. §1331.[1] Plaintiffs now move to remand the action to Idaho state court and seek attorney fees incurred as a result of removal.

## LEGAL STANDARD

A defendant may remove a civil state-court action to "the district and division" where the action is pending if the district court would have original jurisdiction over the claim. 28 U.S.C. § 1441(a); *see id.* § 1446(a) (describing the removal procedure). Federal question jurisdiction is a proper basis for removal if the claim "aris[es] under the Constitution, laws, or treaties of the United States." *Id.* § 1331. A case that has been removed must be remanded back to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Id.* § 1447.

When considering a motion to remand, federal courts strictly construe the removal statute against removal. *See Faus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "It is to be presumed that a cause lies outside the limited jurisdiction of the

---

[1] The parties are not diverse so removal under 28 U.S.C. §§ 1441(b) and 1332 is unavailable to defendants.

**MEMORANDUM DECISION AND ORDER - 3**

federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Abrego Abrego v. Dow Chem. Co.,* 443 F.3d 676, 684 (9th Cir.2006) (cleaned up). The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quotation omitted).

## ANALYSIS

BNSF contends that removal was proper because one or more of plaintiffs' claims present federal questions. Specifically, BNSF points to portions of the Complaint that reference federal railroad safety regulations, arguing that the state law claims necessarily turn on issues of federal law. BNSF also suggests that jurisdiction is conferred by the Federal Railroad Safety Act's (FRSA) complete preemption of certain state law claims related to railroad safety. Neither argument is availing. Additionally, it is unclear whether all defendants (most of whom have not yet entered an appearance) have consented to removal, which would provide an independent basis for remanding this action. *See Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).

    A.    **Federal Question Jurisdiction**

Under the well-pleaded complaint rule, "federal-question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). The point is "to make the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*. A federal question is not raised, nor is removal proper, on the basis of a federal defense such as preemption. *Id.* at 393. Likewise, removal is not proper where a complaint merely references federal law. *See Gully v. First Nat. Bank in Meridian,* 299 U.S. 109, 112-15 (1936). "The fact that there may be a 'question of federal law lurking in the background . . . is unavailing to extinguish the jurisdiction of the states.'" *Hurtado v. City of Ontario*, No. EDCV 12-00723-JLQ-SP, 2012 WL 2944822 at *6 (C.D. Cal. July 17, 2012) (quoting *Gully*, 299 U.S. at 115).

Here, plaintiffs' complaint does not present a federal question on its face sufficient to confer jurisdiction upon this Court. Plaintiffs assert causes of action under Idaho common and statutory law—namely negligence, negligence per se, wrongful death, survival, premises liability, and gross negligence. Any references to federal statutes or regulations in the complaint serve solely to define the applicable standard of care, not to create a federal cause of action. *See* 49 U.S.C. § 20106. And federal question jurisdiction does not arise merely because a violation

**MEMORANDUM DECISION AND ORDER - 5**

of federal law is an element of a state law claim. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 814 (1986). To the contrary, "the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id*. Accordingly, removal on this basis was inappropriate.

    BNSF next argues for federal jurisdiction based on preemption. "Complete preemption provides a narrow exception to the general rule that, absent diversity, a case filed in state court is not removable to federal court unless it affirmatively alleges a federal claim." *Bates v. Missouri & N. Arkansas R. Co.*, 548 F.3d 634, 636 (8th Cir. 2008). BNSF argues that certain claims advanced by Plaintiffs are preempted by the FRSA and other federal laws, thereby providing a basis for removal to federal court. However, BNSF appears to conflate complete preemption, which carries jurisdictional implications, with ordinary preemption as a defense, which does not. *See Caterpillar*, 482 U.S. at 392-393. To the extent BNSF argues complete preemption, the Court is unpersuaded.

    Under the complete preemption doctrine, "a state claim may be removed to federal court . . . when a federal statute wholly displaces the state-law cause of

**MEMORANDUM DECISION AND ORDER - 6**

action." *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8 (2003). Said differently, complete preemption centers on whether Congress "intended a preemptive force so powerful as to displace entirely any state cause of action within the ambit of the federal cause of action." *Whitman v. Raley's Inc.*, 886 F.2d 1177, 1180-1181 (9th Cir. 1989). Complete preemption is a very limited exception to the well-pleaded complaint rule and is reserved for a handful of statutes, including the Labor Management Relations Act and the Employee Retirement Income Security Act. *Hampton*, 683 F.3d at 713.

Courts have consistently held that the FRSA and relevant regulations thereunder do not completely preempt state law personal injury and wrongful death claims because Congress did not clearly intend to transform such state law actions into federal causes of action. *See Hampton*, 683 F.3d at 713 ("We find nothing to indicate that Congress did not mean what it wrote in § 20106, and we decline to expand the purposely limited complete-preemption doctrine to the FRSA."); *Bates*, 548 F.3d at 637 ("[Defendant's] arguments for complete preemption under the FRSA have been foreclosed by the § 20106 amendment."); *Hunter*, 2007 WL 4118936 at *5 ("Congress has clearly answered the jurisdictional question of complete preemption—it does not apply here."). Congress stated as much when it amended 49 U.S.C. § 20106 to explain that "[n]othing in this section creates a

**MEMORANDUM DECISION AND ORDER - 7**

Federal cause of action on behalf of an injured party or confers Federal question jurisdiction for such State law causes of action." Therefore, the FRSA does not transform plaintiffs' state law claims into ones arising under federal law, and BNSF's removal to this Court was improper.[2]

### B.   Attorney's Fees and Costs

Under 28 U.S.C. § 1447(c), the Court has the power to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

The Court finds that BNSF did not have an objectively reasonable basis for seeking removal. Plaintiffs' complaint asserts only state law causes of action, and long-settled precedent makes clear that neither a reference to federal law as a

---

[2] In reaching this conclusion, BNSF's artful pleading argument also fails. Under the artful pleading doctrine, a plaintiff cannot prevent removal by intentionally omitting essential federal questions from their complaint. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). The artful pleading doctrine is limited to substantial federal question and complete preemption cases. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041-1042 (9th Cir. 2003). Because plaintiffs' complaint implicates neither, the artful pleading doctrine provides no basis for removal.

standard of care nor a defendant's anticipated reliance on a federal defense transforms a state law claim into one arising under federal law. BNSF's reliance on complete preemption as a theory for removal is likewise unreasonable, as Congress expressly disclaimed any intent to create a federal cause of action or confer federal jurisdiction over matters such as this when it amended 49 U.S.C. § 20106. Because BNSF's removal lacked an objectively reasonable basis and forced plaintiffs to expend resources litigating the improper removal, the Court will grant plaintiffs' request for attorney's fees and costs incurred as a result.

## ORDER

**IT IS ORDERED that:**

1. Plaintiffs' Motion to Remand (Dkt. 6) is **GRANTED**. This case shall be **REMANDED** to the Fourth Judicial District of the State of Idaho.

2. Plaintiffs' request for attorney fees incurred in connection with this motion (Dkt. 6) is **GRANTED.** Plaintiffs shall submit a motion for attorney fees within 30 days of the date of this Order.



DATED: November 7, 2025

_____
B. Lynn Winmill
U.S. District Court Judge